IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PABLO ACEVEDO                                                                                    PETITIONER

VS.                                                          CIVIL ACTION NO. 3:17cv326-DPJ-FKB

WARDEN MARCUS MARTIN                                                                  RESPONDENT

## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2241 brought by a federal prisoner incarcerated at the Yazoo City Federal Correctional Complex. Petitioner asserts that his sentence was improperly enhanced under the career offender provisions of the sentencing guidelines. The undersigned recommends that the petition be dismissed.

Pablo Acevedo entered a guilty plea in 2009 in the United States District Court for the Southern District of Iowa to possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A). Thereafter he was sentenced as a career offender under the sentencing guidelines to a term of 180 months imprisonment followed by three years of supervised release. In his § 2241 petition, Acevedo argues that under *Mathis v. United States*, 136 S.Ct. 2243 (2016), and related lower court cases, the prior convictions used to support his career offender enhancement no longer qualify as predicate felonies and that his sentence is therefore invalid.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not §

2241).  Acevedo contends that he may nevertheless proceed under § 2241 because his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable.  *See* 28 U.S.C. § 2255(e).  A remedy is inadequate if a petitioner's claim (1) is based upon a retroactively-applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion.  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Acevedo's position is that he may claim the benefits of the savings clause because his attack on his sentence enhancement is based upon a newly-recognized, retroactively-applicable rule of law.

*Mathis*, the only Supreme Court case cited by Acevedo, concerned the method by which a state criminal statute is to be analyzed to determine whether it sufficiently matches one of the generic offenses listed in the Armed Career Criminal Act (ACCA) such that it qualifies as an enhancer.  The significance of *Mathis* is that it clarified the difference between statutes that set forth alternative elements (and therefore separate crimes) and those that set forth alternative means of committing a single crime.  Under *Mathis*, where a statute of the latter type is broader than the federal generic offense, the conviction does not qualify as an enhancer.  *Mathis*, 135 S.Ct. at 2256-57.

Acevedo was not sentenced under the ACCA, and he does not explain how *Mathis* (or the other case cited by him) applies to his sentencing.  He does not cite to or identify the language of the state statutes that were used to enhance his sentence, nor

does he make any specific argument as to why his state convictions did not qualify as enhancers under the guidelines. Furthermore, *Mathis* did not set out a new rule of constitutional law that is retroactively applicable on collateral review, as required under the savings clause. *See United States v. Samarripa*, 697 Fed. Appx. 374 (5th Cir. 2017) (*per curiam*) (citing *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (*per curiam*)). Thus, Acevedo's reliance upon *Mathis* is misplaced.

Finally, it is well-established in the Fifth Circuit that claims relating to sentence enhancement determinations do not fall within the savings clause, and are therefore not cognizable under § 2241, because the clause requires a showing of actual innocence of the underlying offense. *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2010) (claim of actual innocence of career offender enhancement is not a claim of actual innocence of the crime of conviction); *see also Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *Pack v. Yusuff*, 218 F.3d 448 (5th Cir. 2000).

Because Acevedo cannot challenge his sentence enhancement pursuant to § 2241, this court is without jurisdiction over the petition. Accordingly, the undersigned recommends that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 21st day of September, 2018.

                                                /s/ F. Keith Ball_____
                                                United States Magistrate Judge